# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**ZAXBY'S FRANCHISING, LLC**                                        **PLAINTIFF**

**v.**                  **CASE NO. 3:16-CV-00137 BSM**

**MJM FOODS, LLC**                                               **DEFENDANT**

## TEMPORARY RESTRAINING ORDER

Plaintiff Zaxby's Franchising, LLC's ("Zaxby's") motion for a temporary restraining order [Doc. No. 2] is granted.

Zaxby's filed suit against MJM Foods, LLC ("MJM") for (1) trademark infringement and (2) unfair competition/false designation of origin in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a); and (3) unfair competition, (4) trademark infringement, and (5) breach of contract under Arkansas law. Zaxby's moved for an *ex parte* temporary restraining order enjoining MJM from, among other things, continuing to use the Zaxby's name and associated trademarks while operating a restaurant in Jonesboro, Arkansas. *See* Doc. No. 2.

To obtain an *ex parte* temporary restraining order, Zaxby's must submit a verified complaint or affidavits in support of its motion, and Zaxby's lawyer must certify his efforts to give notice to the opposing side and explain why additional notice should not be required. *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003); Fed. R. Civ. P. 65(b). Courts then balance (1) the movant's likelihood of success on the merits of its claims; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm injunctive relief would cause the other side; and (4) the public interest.

*Watkins, Inc.*, 346 F.3d at 844 (quoting *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).

As an initial matter, Zaxby's satisfied the procedural requirements in Rule 65(b). Zaxby's attached an affidavit from Blake C. Bailey, its chief financial officer, outlining facts supporting its motion, and Zaxby's lawyer represented that he made efforts to provide MJM notice of Zaxby's claims and the intent to seek a TRO. *See* Bailey Aff., Doc. No. 2-1; Mot. TRO ¶¶ 8–9, Doc. No. 2. No additional notice is necessary under the circumstances.

With respect to the merits, the factors weigh in Zaxby's favor. Zaxby's is likely to succeed with its Lanham Act trademark infringement claim. The Lanham Act prohibits the use of another's registered trademark without the registrant's consent in a manner that is "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a); *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 389 (8th Cir. 2009). Zaxby's references, and a search of registered trademarks confirms, that it has valid, registered trademarks. Compl. ¶ 11; Aff. ¶¶ 9, 11; *Daluth News-Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1096 n.2 (8th Cir. 1996) (taking judicial notice of trademark registration). Although MJM had permission to use these marks under the licensing agreement, that agreement has expired, and MJM's continued use is without Zaxby's consent. Aff. ¶¶ 5, 9–10. MJM's restaurant bearing the same Zaxby's name would certainly confuse consumers into thinking that the restaurant is still a Zaxby's franchise. *See Downtowner/Passport Int'l Hotel Corp. v. Norlew, Inc.*, 841 F.2d 214, 219 (8th Cir. 1988) ("[C]ommon sense compels the conclusion that a strong risk of consumer confusion arises when a terminated franchisee continues to use

the former franchisor's trademarks." (citations omitted)).

The remaining factors also weigh in Zaxby's favor. Having demonstrated a likelihood of confusion, irreparable harm is presumed. *See Mutual of Omaha Ins. Co. v. Novak*, 836 F.2d 397, 403 n.11 (8th Cir. 1987). Although a temporary restraining order would undoubtedly interfere with MJM's business and likely affect its bottom line, courts routinely recognize that this interference does not outweigh the harm done to a trademark owner's significant investment in building goodwill with customers. *See, e.g., Wetzel's Pretzels, LLC v. Johnson*, 797 F. Supp. 2d 1020, 1028–29 (C.D. Cal. 2011). Finally, the public interest is best served by enforcing valid trademarks and preventing consumer confusion. *See, e.g., Kuper Indus., LLC v. Reid*, 89 F. Supp. 3d 1005, 1014 (D. Neb. 2015); *Am. Dairy Queen Corp. v. New Line Prods., Inc.*, 35 F. Supp. 2d 727, 733 (D. Minn. 1998).

Although a temporary restraining order will issue, MJM is only enjoined from using Zaxby's registered trademarks, brand, or name in connection with the operation of a restaurant at 2626 Red Wolf Boulevard, Jonesboro, Arkansas. Consequently, MJM must remove all signs, cups, condiments, napkins, containers, or other materials that identify the Red Wolfe Boulevard location as a Zaxby's restaurant. This order does not affect MJM's ability to operate a food service entity at that location, but only affects its ability to do so under the Zaxby's name, as requiring MJM to cease all operations is overly broad. *See, e.g., Reid*, 89 F. Supp. 3d at 1014 (continued operation under a different name is different than ordering no operation at all). MJM is not ordered to return Zaxby's material, manuals, brochures, or other materials at this time.

A hearing for a preliminary injunction has been set for Wednesday, June 1, 2016, 10:30 a.m., at the federal courthouse in Jonesboro, Arkansas.

IT IS SO ORDERED this 25th day of May 2016.

TIME:  3:30 p.m.

_____
UNITED STATES DISTRICT JUDGE