**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**ZAXBY'S FRANCHISING, LLC**                                                    **PLAINTIFF**

**v.**                              **CASE NO. 3:16-CV-00137 BSM**

**MJM FOODS, LLC**                                                                **DEFENDANT**

## PRELIMINARY INJUNCTION

On May 25, 2016, a temporary restraining order was entered.  A hearing for a preliminary injunction was scheduled for June 1, 2016; however, the parties reached an agreement for the entry of a preliminary injunction.

The temporary restraining order was entered because plaintiff, Zaxby's Franchising, LLC ("Zaxby's), submitted sufficient evidence of its likelihood of succeeding in its trademark infringement and other claims under the Lanham Act, 15 U.S.C. § 1114(1) & 1125(a); that irreparable harm that would ensue from the actions of defendant, MJM Foods, LLC ("MJM Foods"); that the harm to Zaxby's would outweigh any potential harm to MJM Foods; and that the public interest was best served by enforcing Zaxby's trademarks and preventing any consumer confusion.

Based on the agreement of the parties, the court enters this preliminary injunction with respect to the Zaxby's restaurant operated by MJM Foods at 2625 Red Wolf Boulevard in Jonesboro, Arkansas 72401 ("the Restaurant").  MJM Foods, its agents, servants, employees and attorneys, and all others in active concert or participation with them shall immediately comply with the following post-expiration Obligations, stated in

the identified paragraphs set forth in Section XIV of the License Agreement, which is attached as Exhibit B to the complaint [Doc. No. 1-2 at pp. 39-40]:

1.       **A.   Cessation of Operation**.  [MJM Foods] shall immediately cease to operate the Restaurant and shall not thereafter, directly or indirectly, represent to the public or hold itself out as a franchisee or licensee of [Zaxby's].

2.       **B.   Cessation of Use of Marks**. [MJM Foods] shall immediately and permanently cease to use, in any manner whatsoever, any equipment, format, confidential methods, customer data base, programs, literature, procedures and techniques associated with the System, the name "Zaxby's" and any other Marks.  In particular, [MJM Foods] shall cease to use, without limitation, all signs, fixtures, furniture, equipment, promotional, marketing or advertising materials or displays, uniforms, stationery, forms and any other articles which display any of the Marks associated with the System.

3.       **C.   Cancellation of Name**.  [MJM Foods] shall take such action as may be necessary to cancel any assumed name or equivalent registration which contains the Marks or any other trademark, trade name or service mark of [Zaxby's], and [MJM Foods] shall furnish [Zaxby's] with evidence satisfactory to [Zaxby's] of compliance with this obligation within thirty (30) days after expiration of this [License] Agreement.

4.     **E.     <u>Non-Usage of Marks</u>**.     [MJM Foods] agrees, in the event it continues to operate or subsequently begins to operate any other business, not to use any reproduction, counterfeit, copy or colorable imitation of the Marks (including [Zaxby's] trade dress), either in connection with such other business or the promotion thereof, which is likely to cause confusion, mistake or deception, or which is likely to dilute [Zaxby's] exclusive rights in and to the Marks (including [Zaxby's] trade dress) and agrees not to utilize any designation of origin or description or representation which falsely suggests or represents an association or connection with [Zaxby's] so as to constitute unfair competition.

5.     **F.     <u>Prompt Payment Upon Default</u>**.     [MJM Foods] shall promptly remit all sums owing to [Zaxby's] and its Affiliates and all undisputed amounts owing to any approved vendor or supplier of [Zaxby's].

6.     **I.     <u>Assignment of Telephone Listings</u>**.     [MJM Foods] shall promptly notify the appropriate telephone company and all telephone directory listing agencies of the termination or expiration of its right to use any telephone number and any regular, classified or other telephone directory listings associated with any of the Marks and authorize the transfer of same to or at the direction of [Zaxby's].  In connection therewith, [MJM Foods] shall execute a telephone assignment agreement in substantially the form of **Attachment C** attached [to the License Agreement].  [MJM Foods] agrees to execute updated letters of direction to any telephone companies and

telephone directory listing agencies directing termination and/or transfer of [MJM Foods]'s right to use any telephone number associated with the Marks, which [Zaxby's] may hold until termination or expiration hereof. [MJM Foods] acknowledges that as between [Zaxby's] and [MJM Foods], [Zaxby's] has the sole right to and interest in all telephone numbers and directory listings associated with any Marks.  [MJM Foods] authorizes [Zaxby's], and hereby appoints [Zaxby's] and any officer of [Zaxby's] as its attorney in fact, to direct the appropriate telephone company and all listing agencies to transfer all such listings to [Zaxby's] upon termination of this [License] Agreement.

7.      **K.      <u>Covenant of Further Assurances</u>**.  [MJM Foods] shall execute any legal document that may be necessary to effectuate the termination hereunder and shall furnish to [Zaxby's], within thirty (30) days after the effective date of termination, written evidence satisfactory to [Zaxby's] of [MJM Foods]'s compliance with the foregoing obligations.

8.      **L.      <u>Compliance with Covenants</u>**.  [MJM Foods] shall comply with all applicable covenants contained in Sections VIII. and XV. of this [License] Agreement.

Notwithstanding anything in this Preliminary Injunction to the contrary, nothing herein shall be construed to: (i) impair MJM's right to represent to the public or hold itself out as a franchisee or licensee of Zaxby's as to other License Agreements between MJM and Zaxby's; (ii) impair MJM's right to use equipment, formats, confidential

methods, customer data bases, programs, literature, procedures and techniques associated with the System, the name "Zaxby's" and any other Marks as to other License Agreements between MJM and Zaxby's; (iii) require MJM to cancel assumed names or equivalent registrations related to other License Agreements between MJM and Zaxby's; (iv) affect MJM's right to use the Marks in connection with other License Agreements between MJM and Zaxby's; or (v) affect MJM's ownership or use of telephone numbers and similar items as to other License Agreements between MJM and Zaxby's.

The temporary restraining order only enjoined MJM Foods from using the Zaxby's Marks, brand and name in connection with the Restaurant; however, this preliminary injunction has placed additional restrictions and requirements upon MJM Foods. This preliminary injunction will remain in effect until further order of this Court.

IT IS SO ORDERED this 6th day of June 2016.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

WOMACK PHELPS
PURYEAR MAYFIELD & McNEIL, P.A.

/s/ Mr. Jeffrey W. Puryear
*Attorneys for Plaintiff*

Mr. E.B. Chiles, IV
QUATTLEBAUM, GROOMS & TULL, PLLC

/s/ Mr. E.B. Chiles, IV
*Attorneys for Defendant*